IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DECORA A. SMITH,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 05-0429-WS-C |
| | ) | |
| **WEST FACILITIES CORPORATION,** | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| **DECORA A. SMITH,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 06-0240-WS-C |
| | ) | |
| **WEST CORPORATION,** *et al.*, | ) | |
| Defendants. | ) | |

**ORDER**

On September 6, 2006, the undersigned *sua sponte* entered a Show Cause Order (doc. 84) setting forth concerns relating to an apparent lack of federal subject matter jurisdiction in Civil Action 06-0240-WS-C, which has been consolidated with Civil Action 05-0429-WS-C.  In light of these concerns, the Court ordered the parties to show cause why the consolidation order should not be vacated, why Civil Action 06-0240 should not be remanded to state court for lack of jurisdiction, and why the parties' summary judgment filings should not be considered only with respect to West Facilities Corporation, the lone defendant named in 05-429.

In response, defendants West Facilities Corporation, West Corporation and West Business Services, LP, have advised the Court that they "cannot show cause why [that] course of action ... should not be adopted." (Doc. 88, at 2.) Similarly, plaintiff Decora A. Smith submitted a pleading advocating that the Court follow this very course of action. (*See* doc. 87.)  Based on these responses, and for the reasons set forth in detail in the September 6 Order, it is hereby **ordered** as follows:

1.  The Order (doc. 58) granting the parties' joint request to consolidate Civil

       Actions 05-0429-WS-C and 06-0240-WS-C is hereby **vacated**, and these consolidated actions are **severed** from one another for all purposes henceforth because federal subject matter lies only as to 05-0429, and not as to 06-0240.

2. In conjunction with that severance, the Clerk's Office is **directed** to extract pleadings numbered 60 through 88 from Civil Action No. 05-0429-WS-C and to make such pleadings part of the court file in Civil Action No. 06-0240-WS-C, such that all pleadings filed to date in 05-0429 post-consolidation will now be part of the court file in both of the severed actions.[1]  And of course, this Order should be docketed and filed in both 05-0429 and 06-0240.

3. Because federal subject matter jurisdiction is lacking, Civil Action No. 06–0240-WS-C is **remanded** to the Circuit Court of Mobile County, Alabama pursuant to 28 U.S.C. § 1447(c), for further proceedings.

4. Because federal subject matter jurisdiction is proper, Civil Action No. 05-0429-WS-C remains on the undersigned's docket, and all presently effective pretrial and trial deadlines (including without limitation the Final Pretrial Conference setting of 10:00 a.m. on October 17, 2006, and the jury selection date of October 31, 2006) remain in place.

5. In its present formulation, Civil Action No. 05-0429-WS-C consists of exclusively state-law claims brought by plaintiff Decora A. Smith against defendant West Facilities Corporation, which has moved for summary judgment as to all of those claims, primarily on the ground that plaintiff sued the wrong West entity.[2]  West Facilities' request for summary judgment is ripe; however,

---

[1] This step is necessary because all pleadings subsequent to the consolidation order have been filed exclusively in Civil Action 05-0429-WS-C, the lead case.  Absent extraction and inclusion of post-consolidation pleadings in the court file for Civil Action 06-0240-WS-C, the state court on remand would have only a fragmentary, incomplete record of the proceedings in that case in this District Court during the last five months.

[2] West Facilities had filed Counterclaims against Smith in 05-0429; however, those Counterclaims were dismissed with the defendant's consent via Order (doc. 75) dated June 6, 2006.  As such, the sole remaining claims in that case are Smith's claims against West Facilities.

       Smith's most recent filing strongly hints that no ruling on that motion will be necessary. Specifically, plaintiff suggests that the parties will "mutually dismiss this current action which is infected with standing and proper party problems." (Doc. 87, at 7.) If, in fact, plaintiff does not wish to proceed with his claims against West Facilities in Civil Action No. 05-0429, then he is **ordered**, on or before **September 21, 2006**, to file an appropriate stipulation pursuant to Rule 41(a)(1)(ii) or a motion for voluntary dismissal pursuant to Rule 41(a)(2). If no such filing is received on or before that deadline, the Court will enter a ruling on West Facilities' pending, ripe Motion for Summary Judgment in that case.

6. The effect of the foregoing ruling, albeit not adhering to the specific rationale advanced by plaintiff, is to provide plaintiff with the very relief contemplated by his Motion to Sever and Remand (doc. 87), which was filed on September 12, 2006. Accordingly, that Motion is **granted** for the reasons set forth above and in the September 6 Order.

DONE and ORDERED this 13th day of September, 2006.

                                                s/ WILLIAM H. STEELE
                                                UNITED STATES DISTRICT JUDGE